UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN A. BARBA, | CASE NO.   1:10-cv-01063-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| FERNANDO GONZALES, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

On June 14, 2010, Plaintiff Ryan A. Barba, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 5.) Plaintiff's Complaint is now before the Court for screening.

**II.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

1

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III. SUMMARY OF COMPLAINT

The Complaint identifies the following California Correctional Institution, Tehachapi (Tehachapi) officials as defendants in this action: (1) Fernando Gonzales, Warden; (2) T. Miguel, Chairperson; (3) D.A. White, C&PR; (4) Wright, Correctional Counselor I; and (5) O. White, Correctional Counselor II.

Plaintiff alleges the following:

On March 4, 2010, Plaintiff arrived at Tehachapi and was immediately placed into Administrative Segregation (Ad-Seg), a status derived from a previous incarceration. In an initial interview Plaintiff explained that a mistake had been made and that he should be placed with the general population. (Compl. at 3.) The interviewer informed Plaintiff that

2

an error, if made, would be resolved in approximately two weeks. (Id. at 4.)

Plaintiff attended a classification hearing on March 9, 2010 and was assured that mistakes in his placement would be resolved when prison officials received Plaintiff's central file. (Id. at 5.) On March 19, 2010, Plaintiff attended a mental health progress report hearing; he observed that the officials had his central file. (Id. at 4.)

Plaintiff began filing inmate requests regarding his housing status shortly after his mental health hearing. (Id. at 5.) Plaintiff's counselor informed him on March 30, 2010 that a committee hearing was scheduled for April 6, 2010. (Id. at 5, 6.) Plaintiff was not brought before a committee on April 6, 2010, or on April 12, 2010, the date of a further committee meeting. Plaintiff filed an inmate appeal. (Id. at 6.)

On April 29, 2010, Plaintiff "was removed from Ad-Seg custody and transferred to the main CCI G[eneral] Pop[ulation]/reception yard." (Id.)

## IV.   ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set

forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

Plaintiff complains of a six week placement in Ad-Seg upon his arrival at Tehachapi. Plaintiff's allegations make no mention of how the five Defendants identified in the Complaint violated his constitutional rights, nor does Plaintiff identify a specific constitutional violation. Although, in the "V. Relief" section of his claim, Plaintiff asks to be compensated for cruel and unusual punishment. Plaintiff has not stated a cognizable claim. The Court will grant Plaintiff an opportunity to amend his claims. Because Plaintiff failed to identify what constitutional rights he believes were violated, by whom, and how, the proceeding sections of this order represent the Court's best effort to provide Plaintiff with legal standards that the Court believes may be applicable to Plaintiff's claims.

### A.   Section 1983 Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials

may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Complaint does not link any Defendant to the alleged violations. Plaintiff offers a narrative of events without attributing conduct to any particular Defendant. No factual allegations tie a single Defendant to any of the offenses alleged. Attributing liability to "Defendants" generally does not meet the pleading standard. See, e.g., K'napp v. Yates, 2009 WL 2246781, *2 (E.D. Cal. July 28, 2009).

To state a claim against any of the named Defendants, Plaintiff must set forth sufficient truthful facts to show that each named Defendant personally took some action that violated Plaintiff's constitutional rights. If he cannot do that with regard to a specific Defendant or Defendants, he should not proceed against that Defendant(s). The mere fact that some of the Defendants may have supervised those responsible for the alleged violations is not enough.

**B.    Eighth Amendment Cruel and Unusual Punishment**.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. Farmer v. Brennan, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). In its

prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The Eighth Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care, and personal safety. See Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Deprivation of necessities by a prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer, 511 U.S. at 834 (citing Wilson, 501 U.S. at 298), and (2) the prison official possesses a sufficiently culpable state of mind. Id. (citing Wilson, 501 U.S. at 297).

A prolonged sentence in administrative segregation does not in of itself constitute cruel and unusual punishment in violation of the Eighth Amendment. See, e.g., Anderson v. County of Kern, 45 F.3d 1310, 1315-16 (9th Cir. 1995) (no contact with any other inmate in administrative segregation, either for exercise, day room access or otherwise not cruel and unusual punishment); Toussaint v. Yockey, 722 F.2d 1490, 1494 n. 6 (9th Cir. 1984) (more than usual hardships associated with administrative segregation required to state 8th Amendment claim). Even the admittedly harsh conditions in the SHU do not impose cruel and unusual punishment on ordinary prisoners such as Plaintiff. See Madrid v. Gomez, 889 F.Supp. 1146, 1267 (N.D. Cal. 1995).

Without more, it is difficult to imagine that less than two months in segregation could give rise to a constitutional violation. However, the Court will give Plaintiff leave to amend to assert additional true facts which render his classification a violation of rights provided. If he chooses to amend, Plaintiff must keep in mind that to state an Eighth Amendment

6

prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The Eighth Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care, and personal safety. See Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Deprivation of necessities by a prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer, 511 U.S. at 834 (citing Wilson, 501 U.S. at 298), and (2) the prison official possesses a sufficiently culpable state of mind. Id. (citing Wilson, 501 U.S. at 297).

A prolonged sentence in administrative segregation does not in of itself constitute cruel and unusual punishment in violation of the Eighth Amendment. See, e.g., Anderson v. County of Kern, 45 F.3d 1310, 1315-16 (9th Cir. 1995) (no contact with any other inmate in administrative segregation, either for exercise, day room access or otherwise not cruel and unusual punishment); Toussaint v. Yockey, 722 F.2d 1490, 1494 n. 6 (9th Cir. 1984) (more than usual hardships associated with administrative segregation required to state 8th Amendment claim). Even the admittedly harsh conditions in the SHU do not impose cruel and unusual punishment on ordinary prisoners such as Plaintiff. See Madrid v. Gomez, 889 F.Supp. 1146, 1267 (N.D. Cal. 1995).

Without more, it is difficult to imagine that less than two months in segregation could give rise to a constitutional violation. However, the Court will give Plaintiff leave to amend to assert additional true facts which render his classification a violation of rights provided. If he chooses to amend, Plaintiff must keep in mind that to state an Eighth Amendment

6

claim based on assignment to Ad-Seg, Plaintiff must allege (1) facts describing conditions more onerous than the usual hardships of segregated housing and (2) that the Defendants acted with a sufficiently culpable state of mind.

### C. Due Process

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483–84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

The Due Process Clause alone creates no liberty interest in remaining in the general prison population. Hewitt v. Helms, 459 U.S. 460, 468 (1983) (overruled on other grounds). Prisoners may be housed in administrative segregation to protect them from other inmates, to protect other inmates from the segregated prisoner, or pending investigation of disciplinary charges, transfer, or re-classification. Id. The allegation that a plaintiff was placed in administrative segregation does not in and of itself state a claim for relief based on deprivation of due process. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations

omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted). The Ninth Circuit has explicitly found that "administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence." Toussaint v. McCarthy, 801 F.2d 1080, 1091–92 (9th Cir.1986), abrogated on other grounds by Sandin, 515 U.S. 472.

Plaintiff must first establish the existence of a liberty interest in remaining free from Ad-Seg before he can state a cognizable claim under section 1983 for the deprivation of due process.

## V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed June 14, 2010;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply

IT IS SO ORDERED.

Dated: January 27, 2012        /s/ *Michael J. Seng*
ci4d6                          UNITED STATES MAGISTRATE JUDGE